UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' PENSION FUND, TRUSTEES OF; MICHIGAN LABORERS' HEALTH CARE FUND, TRUSTEES OF; MICHIGAN LABORERS' VACATION FUND, TRUSTEES OF; MICHIGAN LABORERS' TRAINING & APPRENTICESHIP FUND, TRUSTEES OF; MICHIGAN LABORERS' ANNUITY FUND, TRUSTEES OF; MICHIGAN LABORERS' AND EMPLOYERS' COOPERATION AND EDUCATION TRUST FUND, TRUSTEES OF; MICHIGAN LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

Case No.

Hon.

   Plaintiffs,

v.

GLOBAL CONTAINMENT SOLUTIONS, LLC, a limited liability corporation,

   Defendant.

## COMPLAINT

Plaintiffs state for their Complaint against Defendant:

1. This is an action brought by trustees and fiduciaries of jointly administered, multi-employer benefit funds under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145, and Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C.

1

§185(a), to, inter alia, collect delinquent benefit contributions, interest and assessments against Defendant, and for the Defendant to produce their financial records for an audit.

## JURISDICTION

2. Federal subject matter jurisdiction is based upon Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145.

## PARTIES

3. The Michigan Laborers' Health Care Fund, Michigan Laborers' Pension Fund, Michigan Laborers' Vacation Fund, Michigan Laborers' Training & Apprenticeship Fund, Michigan Laborers' Annuity Fund, and Michigan Laborers' and Employers' Cooperation and Education Trust Fund (collectively "Funds") are jointly administered, multi-employer benefit funds.

4. Plaintiff Michigan Laborers' District Council of the Laborers' International Union of North America, AFL-CIO ("MLDC") is a labor organization that enters into collective bargaining agreements ("CBAs") with employers, including CBAs that require employers to remit benefit contributions to the Funds.

5. Defendant Global Containment Solutions, LLC (GCS) does business in the construction industry and its principal place of business is located at 405 East Forest Street, Suite 110, Oconomowoc, WI 53066. During the relevant time period,

Defendant was located at 100 East Washington Street, Peoria, IL 61611 and conducted business at a construction site located at 2742 North Weadock Highway, Essexville, in Bay County, Michigan. Defendant is an employer as defined by Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(g) of ERISA, 29 U.S.C. §1002(5).

## ERISA FRINGE BENEFIT CONTRIBUTIONS AND OTHER OBLIGATIONS

6. Defendant is bound by a CBA with MLDC and Laborers' Local 1098 (Local 1098) for the period May 2018 to present, which requires contributions to the Funds. (Exhibit 1, Collective Bargaining Agreement; Exhibit 2, Trust Agreements and Amendments).

7. Under the terms of the CBA and related Trust Agreements and Amendments, Defendant is required to remit to the Funds contributions for all hours of covered work performed by their employees. Consistent with the CBA and related Trust Agreements, monthly reports must be filed and monthly fringe benefit contributions must be remitted no later than the fifteenth day of each month for the previous month's covered work.

8. The CBA and related Trust Agreements and Amendments also require Defendant to pay interest and assessments on contributions which are unpaid or remitted after their due date.

9. Defendant must also promptly furnish to the Plaintiffs all records concerning the classifications of its employees, including employee names and social security numbers, amount of wages paid and hours worked, location of work and any other payroll records and information which may be required in connection with the administration of the Funds to ensure that the appropriate contributions have been collected and recorded. (Exhibit 3, Collection Policy). Plaintiffs may examine the payroll records and books of Defendant whenever such examination is necessary to properly administer of the Funds. (*Id.*)

## BREACH OF ERISA AND THE CBA

10. From May 2018 to present, Defendant employed persons who performed work covered by the CBA.

11. As a result of work performed by these bargaining unit employees, Defendant became indebted for the payment of contributions pursuant to the CBA's terms.

12. From January 2018 to present, Defendant failed to remit proper contributions to the Funds and failed to file proper monthly reports.

13. Plaintiffs sought to conduct a payroll audit of work performed for the period of January 2018 to present. (Exhibit 4, Audit Letter to GCS). But, such records were not provided. Defendant's total indebtedness to Plaintiffs for benefit contributions and other amounts (including interest and audit assessments) is

unknown and cannot be ascertained until the Defendant submits all necessary books and records for inspection and audit, which they have refused to do, despite the Funds' demand.

**COUNT I—FAILURE TO SUBMIT RECORDS AND TO MAKE BENEFIT CONTRIBUTIONS AS A VIOLATION OF ERISA**

14. Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

15. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA. A suit may be brought to enjoin any act which violates ERISA and to obtain other appropriate legal and equitable relief to redress violations of ERISA and enforce the terms of the plan.

17. Defendant's failure to make contractually obligated monthly reports and fringe benefit contributions to the Funds violates ERISA.

18. Plaintiffs are entitled to all remedies under ERISA, including the payment of unpaid contributions, interest, "double interest" or liquidated damages, attorney's fees and costs, and injunctive relief. 29 U.S.C. §1132.

WHEREFORE, Plaintiffs request a Judgment against the Defendant as follows:

   A.   Adjudicating that the Defendant is bound to the CBA with Local 1098 and pursuant to the CBA and applicable law, must pay benefit contributions to Plaintiffs for covered work;

   B.   Ordering Defendant to honor all of the CBA's fringe benefit obligations, including making proper and timely monthly remittances and monthly reports consistent with the terms of the CBA and related Trust Agreements and Amendments;

   C.   Ordering Defendant to produce all records needed for a complete audit for the period January 2018 to present, so Plaintiffs can determine the total delinquency owed by the Defendant;

   D.   Awarding Plaintiffs amounts owed for work performed by Defendant from January 2018 to present, together with attorney's fees and costs;

   E.   Awarding Plaintiffs all amounts shown to be due by such audit, including benefit contributions, interest, late payment assessments, audit assessments and audit costs, together with additional attorney's fees and costs, pursuant to 29 U.S.C.§1132(g)(2) and Plaintiffs' plan documents; and

    F.    Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

## COUNT II—FAILURE TO SUBMIT TO AN AUDIT AND MAKE BENEFIT CONTRIBUTIONS AND REPORTS IN VIOLATION OF THE CBA AND TRUST AGREEMENTS

19.    Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

20.    Section 301(a) of the LMRA, 29 U.S.C. §185(a), provides a federal forum to enforce labor contracts, including the contractual promise to pay contributions. Plaintiff Trustees and the Funds are third-party beneficiaries of the CBA and/or other written agreements.

21.    Defendant breached the CBA, Trust Agreements and Amendments incorporated into the CBA by failing to submit to an audit, file proper monthly reports and pay contributions and other amounts to the Funds.

22.    Under the CBA and Trust Agreements and Amendments and other written agreements, Plaintiffs are entitled to the records needed for an audit and to unpaid contributions, interest, audit assessments, late payment assessments and attorney's fees and costs owed under the CBA.

WHEREFORE, Plaintiffs request a Judgment against Defendant for:

A. Adjudicating that the Defendant is bound to the CBA with Local 1098 and pursuant to the CBA and applicable law, must pay benefit contributions to Plaintiffs for covered work;

B. Ordering Defendant to honor all of the CBA's fringe benefit obligations, including making proper and timely monthly remittances and monthly reports consistent with the terms of the CBA and related Trust Agreements and Amendments;

C. Ordering Defendant to produce all records needed for a complete audit for the period January 2018 to present, so Plaintiffs can determine the total delinquency owed by the Defendant;

D. Awarding Plaintiffs amounts owed for work performed by Defendant from January 2018 to present, together with attorney's fees and costs;

E. Awarding Plaintiffs all amounts shown to be due by such audit, including benefit contributions, interest, late payment assessments, audit assessments and audit costs, together with additional attorney's fees and costs, pursuant to 29 U.S.C.§1132(g)(2) and Plaintiffs' plan documents; and

F. Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

                                      */s/ Lauren E. Crummel*
Christopher P. Legghio (P27378)
Lauren E. Crummel (P73333)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 South Washington Avenue, Suite 600
Royal Oak, MI 48067-3837
248.398.5900
cpl@legghioisrael.com
crummel@legghioisrael.com
mbb@legghioisrael.com

Attorneys for Plaintiffs

July 23, 2019